UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

    v.

DR. FORGEY, *et al.*,

    Defendants.

NO. 2:18 CV 307

## OPINION and ORDER

James Andrew Lohnes, a prisoner without a lawyer, filed a complaint alleging that he has received inadequate treatment for shoulder pain while a pre-trial detainee at the Lake County Jail in May of 2018. (DE # 1.) He has sued ten separate defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lohnes alleges that in April of 2018 he awoke with pain and tingling in his right arm. (DE # 1 at 6.) He complained to the nurses and was told to go to sick call. (*Id.*) He filled out sick call requests each day until he was finally seen by Dr. Dennison on May

26, 2018. (*Id.*) Dr. Dennison told him that he could not treat him and asked him to leave. (*Id.*)

Lohnes also reports that he saw Dr. Dennison about his shoulder pain on May 29, 2018. (*Id.* at 3.) At that visit, Dr. Dennison told Lohnes that Tramadol would stop the pain, but said that they do not give Tramadol at the jail. (*Id.*) Lohnes believes this is untrue, as he has previously received Tramadol at the jail. (*Id.*) Dr. Dennison recommended that Lohnes do stretches. (*Id.* at 8.)

On June 1, 2018, Lohnes saw Nurse Practitioner Sue for his shoulder pain. (*Id.* at 7.) She told him in a vindictive tone while laughing that, although she could treat him for the pain, she would not because of Dr. Forgey. She also told him that if he "wiggle[d] his head to the left and wiggle[d] his head to the right" his pain would go away. (*Id.*) Nurse Sue told Lohnes to save his $15 and quit coming to sick call. (*Id.*)

On June 3, 2018, Lohnes saw Nurse Practitioner Sue again. (*Id.*) This time, Nurse Sue told Lohnes, "Dr. Forgey said he's not treating you for your shoulder pain and nerve issue because you have a bad liver so you are going to have to live with it." (*Id.*) But, in an affidavit filed in *Lohnes v. Buncich*, No. 2:17-CV-259, Dr. Forgey stated that Lohnes' liver enzymes were normal. (*Id.* at 4, 8, 12-13).

At some point, although it is not clear which visit, Nurse Sue told Lohnes that he could wait until after he gets out of jail for treatment. (*Id.* at 4.) Lohnes, however, has been held as a pre-trial detainee for two and a half years and does not know when he will be released. (*Id.* at 10.)

2

Lohnes also saw Nurse Practitioner Dave about his shoulder pain, although he is unsure of the date. (*Id.* at 7.) Nurse Dave told Lohnes that he cannot treat him for the pain because he cannot see the pain. (*Id.*) Nurse Dave then told Lohnes to leave his office and not come back. (*Id.* at 8.)

Lohnes saw Dr. Dennison again on June 13, 2018. (*Id.* at 9.) At this appointment, Dr. Dennison called Nurse Practitioner Eric on speaker phone, with Lohnes present, and asked Nurse Eric what could be given to Lohnes to treat his shoulder pain and nerve damage. (*Id.*) Nurse Eric said, "Dr. Forgey said to give Mr. Lohnes nothing!" Dr. Dennison then told Lohnes, "Well, it looks like I can't treat you." (*Id.*) When Lohnes asked him what he meant, he responded, "sorry but you are gonna have to leave." (*Id.*)

Lohnes' condition has worsened to the point where he is in excruciating pain. (*Id.*) He has pain shooting down his right arm and spine, and three fingers on his right hand are numb. He cannot sleep on either his right side or his back without pain. (*Id.*) In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that

*Kingsley v. Hendrickson*, 576 U.S. \_\_, \_\_; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, Lohnes has stated a plausible claim that Dr. Forgey, Dr. Dennison, Nurse Practitioner Dave, Nurse Practitioner Sue, and Nurse Practitioner Eric were all deliberately indifferent to his suffering in violation of the Fourteenth Amendment.

Lohnes also asserts that Dr. Forgey has directed other providers not to treat him in retaliation for filing a separate lawsuit, *Lohnes v. Buncich*, No. 2:17-CV-259, against two nurse practitioners providing care at the Lake County Jail. (DE # 1 at 10.) On July 9, 2018, Dr. Forgey called Lohnes into his office, yelled at him, and stated that, "I will not have you treated for any complaints related to pain until you get that case resolved in federal court." (*Id.*) An allegation of First Amendment retaliation requires a showing "that (1) he engaged in activity protected by the First Amendment; (2) he suffered a

4

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Lohnes has identified protected activity (a previously filed lawsuit) and a deprivation likely to deter future First Amendment activity (denial of necessary pain medication). He has also alleged facts from which a reasonable jury could infer that his First Amendment activity was a motivating factor for Dr. Forgey's refusal to treat his pain. Accordingly, he will be permitted to proceed on this claim.

Additionally, Lohnes alleges that the medical staff at the Lake County Jail avoided providing necessary medical treatment to save money by making inmates wait until they are released from jail to be treated. A private company performing a state function can be held liable to the same extent as a municipal entity under M*onell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to a private company providing medical care at a correctional facility). Because it can be inferred that Lohnes is alleging that Correctional Health Indiana, Inc. had a practice or policy of refusing necessary medical treatment to save money and that policy resulted in him being denied necessary medical treatment for his shoulder pain, he may proceed on this claim.

Lohnes complains about being charged fees for several of his medical appointments, but the constitution does not require free medical care. *Poole v. Isaacs*, 703

F.3d 1024, 1027 (7th Cir. 2012). Therefore, Lohnes cannot pursue a claim based on being charged for medical services.

Lohnes also claims that he notified Sheriff Oscar Martinez, Jr., Deputy Warden Neary, Deputy Warden Oconnor, and Deputy Warden Menchaca that he was not receiving the care he needs, but they did nothing in response to his complaints. However, "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

6

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Sheriff Oscar Martinez, Jr., Deputy Warden Neary, Deputy Warden Oconnor, and Deputy Warden Menchaca will be dismissed.

For these reasons, the court:

(1) **GRANTS** James Andrew Lohnes leave to proceed against Dr. Forgey, Dr. Dennison, Nurse Practitioner Dave, Nurse Practitioner Sue, and Nurse Practitioner Eric, in their individual capacities for compensatory damages and in their official capacities for injunctive relief, for deliberate indifference to his shoulder pain from May 2018 until present, in violation of the Fourteenth Amendment;

(2) **GRANTS** James Andrew Lohnes leave to proceed against Dr. Forgey, in his individual capacity for compensatory damages and his official capacity for injunctive relief, for retaliating against Lohnes by denying him treatment for his shoulder pain from May of 2018 until present because Lohnes filed a previous lawsuit, in violation of the First Amendment;

(3) **GRANTS** James Andrew Lohnes leave to proceed against Correctional Health Indiana, Inc. for injunctive relief and compensatory damages on his claim that it has a policy or practice of denying necessary medical treatment to save money, in violation of the Fourteenth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Sheriff Oscar Martinez, Jr., Deputy Warden Neary, Deputy Warden Oconnor, and Deputy Warden Menchaca;

(6) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Dr. Forgey, Dr. Dennison, Nurse Practitioner Dave, Nurse Practitioner Sue, and Nurse Practitioner Eric at the Lake County Sheriff's Department with a copy of this order and the complaint (DE # 1) as required by 28 U.S.C. § 1915(d);

(7) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Correctional Health Indiana, Inc. at 827 Veterans Lane, Crown Point, Indiana, 46307 with a copy of this order and the complaint (DE # 1) as required by 28 U.S.C. § 1915(d); and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Forgey, Dr. Dennison, Nurse Practitioner Dave, Nurse Practitioner Sue, Nurse Practitioner Eric, and Correctional Health Indiana, Inc. respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: November 5, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT