# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Plaintiff,

              v.                    No. 2:18 CV 307

DR. FORGEY, *et al.*,

    Defendants.

## OPINION and ORDER

James Andrew Lohnes has been granted leave to proceed on three claims. (DE # 4.) He is proceeding against Dr. Forgey, Dr. Dennison, Nurse Practitioner Dave, Nurse Practitioner Sue, and Nurse Practitioner Eric, in their individual capacities for compensatory damages and in their official capacities for injunctive relief, for deliberate indifference to his shoulder pain from May 2018 until present, in violation of the Fourteenth Amendment. He is proceeding against Dr. Forgey, in his individual capacity for compensatory damages and his official capacity for injunctive relief, for retaliating against Lohnes by denying him treatment for his shoulder pain from May of 2018 until present because Lohnes filed a previous lawsuit, in violation of the First Amendment. And, he is proceeding against Correctional Health Indiana, Inc. for injunctive relief and compensatory damages on his claim that it has a policy or practice of denying necessary medical treatment to save money, in violation of the Fourteenth Amendment. The defendants, by counsel, filed a motion for summary judgment or, in the alternative, motion to dismiss pursuant to Federal Rule of Civil Procedure 12, alleging that Lohnes, who filed this case as a prisoner, failed to exhaust his administrative remedies on

these claims, as required by 42 U.S.C. § 1997e(a). Because the defendants rely on materials outside the pleadings, the motion will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d).

The defendants provided Lohnes with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE # 43.) Lohnes has filed a response titled "Motion to Deny Summary Judgment" (DE # 65), the defendants have filed a reply (DE # 67), and Lohnes has filed a sur-reply (DE # 69). The summary judgment motion is now ripe for adjudication.

As an initial matter, the defendants have submitted a motion to seal (DE # 41) asking that medical records submitted in support of their motion for summary judgment be filed under seal. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Therefore, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Here, Lohnes placed his medical records at issue in this proceeding and, if they were necessary to resolve the instant summary judgment motion, they would need to be part of the public record. However, the medical records submitted by the defendants, which contain personal identifiers, are not necessary to resolve the instant motion and were not relied upon by the court in reaching its conclusion. Accordingly, in the interest of judicial economy, rather than having the defendants submit redacted versions of the medical records, the documents will be stricken.

Additionally, Lohnes has filed a motion to show cause (DE # 47) and a motion to admit evidence (DE # 70), each of which includes copies of grievances filed long after this case was initiated. These grievances are not relevant to the question before this court, which is whether Lohnes exhausted his administrative remedies before he initiated this lawsuit. Accordingly, the motions will be denied.

Turning to the summary judgment motion, Phyllis Leto, a sergeant at the Lake County Jail responsible for investigating grievances, attested that a grievance process was available to inmates during Lohnes's time at the jail. (DE # 39-1 at ¶¶ 1-2.) Lohnes had access to the policy through the jail's Telemate system. (*Id.* at ¶¶ 3-4.) Pursuant to the jail's grievance policy, an inmate must first attempt to resolve a complaint by contacting "the Correctional Officer supervising [his] confinement section/pod." (DE # 39-2 at 2.) The policy further provides that:

> If the Correctional Officer is unable to resolve the issue, then the inmate must submit an electronic request to a specific department in an effort to resolve the issue. Example: Sergeants, Commissary, Food Services, Mental Health, Medical, Booking, Jail Records, Laundry, Clothing, Mail, Maintenance, etc. *This is an informal step to answering your grievance.*

(*Id.*) The department will respond electronically to the request, and if dissatisfied with the response, an "Electronic Grievance Complaint" must be submitted within 72 hours of the receipt of the departmental response, excluding weekends and holidays. (*Id.*) The policy further provides that:

> In order for the formal grievance to be considered it must include the following information:
>
> a. Name(s), of staff involved, if a staff person is involved;
> b. Date and time of the incident;
> c. Location where incident occurred;

3

    d. What happened or what was said;
    e. Name of departmental staff member contacted by the offender and the response they provided to the inmates at the informal step[;]
    f. May only list one complaint, but may list multiple staff names in the same complaint.

(*Id.* at 3.)

Grievances may be rejected for the following reasons:

    a. Violation of the grievance process[.] ***This includes all listed above***
    b. Incomplete forms
    c. Use of profanity or vulgar language
    d. Not submitted within the required time frame of 72 hours upon electronic reply of departmental staff response
    e. If the inmates profile picture in the Telemate System and the inmates audit picture do not match
    f. If the inmate who submitted the grievance, face is obstructed. (The inmates [sic] face must be in clear view in the parameter of the computer screen)
    g. Duplicate grievance on same incident[.]

(*Id.*) Grievances are investigated by the grievance department and the inmate is then notified electronically of the outcome. (*Id.*) If dissatisfied, the inmate may file a grievance appeal electronically to the Warden or his designee within 72 hours of being notified of the outcome of the grievance. (*Id.*)

    Lohnes has filed many electronic requests and grievances as an inmate at the Lake County Jail (DE # 39-1 at ¶ 7), but he attached copies of three grievances to his complaint (DE # 1 at 14-21) as evidence that he has exhausted his administrative remedies as to the claims he is proceeding on in this case. He submitted grievance #015398663 on May 31, 2018. (DE # 39-1 at ¶ 8; DE # 1 at 19-21.) In this grievance, Lohnes complains about healthcare encounters occurring on May 8, 2018, and May 29, 2018. (DE # 1 at 19.) His grievance was rejected on June 11, 2018, because he submitted more than one complaint in the grievance. (DE # 39-1 at ¶ 8; DE # 1 at 20.) Lohnes had previously been advised that he was responsible for familiarizing himself

4

with the jail's grievance procedures and that grievances that violate the jail's procedure are rejected. (DE # 39-1 at ¶ 8.) In response to the summary judgment motion, Lohnes explains that he was referencing the events of May 8, 2018, to help the grievance officer better understand the steps he had taken to resolve his problem. (DE # 65 at 3.) While Lohnes complied with the first step of the grievance process by reporting this issue to Officer Sanchez (DE # 1 at 19), he did not send an electronic request to anyone in the medical department or receive a reply from the medical department prior to initiating his grievance. (DE # 65 at 3.) Lohnes, however, contends that he did not submit an electronic request to the medical department because it was impossible to do so. (*Id.*)

Lohnes submitted grievance #015621283 on June 3, 2018, complaining about health encounters on May 26, 2018, June 1, 2018, and June 3, 2018. (DE # 39-1 at ¶ 9; DE # 1 at 14-16.) The grievance was rejected on June 13, 2018. (DE # 1 at 15.) This grievance was rejected because he submitted correspondence to the sheriff and deputy wardens, submitted multiple grievances with similar complaints, and listed more than one complaint in the grievance. (DE # 39-2 at ¶ 9; DE # 1 at 15.) Lohnes asserts in response to the summary judgment motion that he submitted correspondence to the sheriff and the deputy warden because he could not submit an electronic request to the medical department. (DE # 65 at 4.) He further explains that, while he filed three grievances about the same medical problem, they were each directed at treatment received by a different medical provider. (DE # 65 at 4.) He offers no explanation for including multiple complaints in his grievance. Lohnes communicated with Officer Sanchez in an informal attempt to resolve his issue (DE # 1 at 14), but he did not submit an electronic request

to the medical department or receive a response from the medical department prior to initiating his grievance. Lohnes alleges that it was impossible to do so. (DE # 65 at 3.)

Lohnes submitted grievance #016376213 on June 13, 2018. (DE # 39-1 at ¶ 10; DE # 1 at 17-18.) This grievance concerned a health encounter occurring the same day. (DE # 1 at 17.) This grievance was rejected on June 13, 2018, because Lohnes submitted multiple grievances with similar complaints. (DE # 39-1 at ¶ 10; DE # 1 at 18.) Again, he explains that the grievances were directed at different care providers. (DE # 65 at 4.) Prior to filing the grievance, Lohnes reported his issue to Correction Officer Padilla, but she said there was nothing she could do. (DE # 1 at 17.) He did not submit an electronic request to the medical department or receive a response from the medical department prior to initiating his grievance – despite the grievance policy stating that he was required to do so. He alleges that it was not possible to submit his grievance. (DE # 65 at 3; DE # 69 at 4.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must "construe all facts in the light most favorable to the non-moving party" and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court

lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Here, it is undisputed that each of Lohnes's grievances were rejected because they did not comply with the jail's grievance procedures – each grievance response sets forth at least one basis why the grievance was rejected and indicates that Lohnes's appeal rights were curtailed. (*See* DE # 1 at 14-21.) The defendants have relied upon reasons not contained in the grievances themselves to bolster their assertion that Lohnes did not comply with the

7

grievance procedures; namely, that Lohnes violated the grievance procedure by not submitting electronic requests and, as to grievance number 016376213, because the grievance was "factually fictitious." (DE # 40 at 10-11.) The record does not establish that any of the grievances at issue here were rejected because Lohnes did not submit an electronic request to the medical department or because they were fictitious, and the court will not rely upon the defendants' post-hoc reasoning. Thus, the only question before the court is whether, based on the stated reasons for rejecting Lohnes' grievances, the grievance process was rendered unavailable to Lohnes.

Two of the three grievances at issue (#015398663 and #015621283) were rejected because Lohnes raised multiple complaints in a single grievance. (DE # 1 at 14-16, 19-21.) The decision to reject these grievances was consistent with the jail's grievance policy, and, because he violated the grievance process, his appeal rights were curtailed. When Lohnes filed his third grievance, it too was rejected because it violated the grievance process, but the only stated violation of the grievance process[1] was that he submitted three grievances containing similar complaints. (DE # 1 at 17-18.) The grievance specifically lists the three grievances at issue here, as the grievances that contain similar complaints. (DE # 1 at 18.) If either of the other two grievances had been accepted and processed such that Lohnes could have appealed and thereby exhausted his claims, then it would have been Lohnes's obligation to fully exhaust his claims. But here, *none* of those grievances were accepted and processed. By

---

[1] Although not phrased in terms of a violation of the grievance process, the grievance was also rejected because "[w]hether or not Inmate Lohnes agrees with the providers [sic] treatment plan is not a Grievable issue." (DE # 1 at 18.) The grievance policy lists non-grievable issues, and this is not among them. (DE # 3 at 2.)

8

rejecting a grievance as duplicative of two grievances *that were also rejected*, the grievance process became unavailable to Lohnes. Therefore, the motion for summary judgment will be denied.

For these reasons, the court:

(1) **DENIES** the defendants' motion to seal (DE # 41);

(2) **STRIKES** the medical records tendered in support of defendants' summary judgment motion (DE # 42);

(3) **DENIES** the motion to show cause (DE # 47);

(4) **DENIES** the motion to admit evidence (DE # 70);

(5) **DENIES** the motion for summary judgment (DE # 39);

(6) **GRANTS** the motion to deny summary judgement (DE # 65); and

(7) **LIFTS** the discovery stay.

**SO ORDERED.**

Date: February 21, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT