UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES,<br><br>Plaintiff,<br><br>v.<br><br>DR. FORGEY, *et al.*,<br><br>Defendants. | No. 2:18 CV 307 |

### OPINION and ORDER

James Andrew Lohnes, a prisoner without a lawyer, was an inmate at the Lake County Jail when he initiated this lawsuit. He was recently transferred to the Indiana Department of Correction. (DE # 89.) He filed a status report asking that this case remain stayed on February 3, 2021. (DE # 99.) His request was granted. (DE # 103.) Just days later, he filed a letter indicating that "there is an injunction on the defendants" and asking the court to "apply the injunctive relief to the doctor here [at Indiana State Prison] so that they treat me[.]" (DE # 105.) His letter also asks the court to rule on a request for counsel (DE # 76) that was filed prior to this case being stayed. The letter was followed by another letter requesting that the case remain stayed. (DE # 106.) Lohnes' requests are inconsistent with his request that the case remain stayed. Nonetheless, because of the nature of his claims, the court will rule on his requests.

While Lohnes was granted leave to proceed on a claim seeking injunctive relief, a preliminary injunction has not been granted in this case. (DE # 4.) Furthermore, Lohnes cannot obtain relief against defendants not named in this lawsuit for things that

occurred at a different facility altogether. Lohnes knows this. (DE # 20.) As explained previously,

> [a]n injunction, like any "enforcement action," may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court. *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007); *see also Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (vacating preliminary injunction because defendant had not been served).

*Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669 (7th Cir. 2013). Lohnes cannot obtain relief in this case for unrelated claims arising against different defendants at a different facility. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ..").

The request for counsel (DE # 76) is Lohnes' third. His initial request was denied because he had not demonstrated that he made a reasonable attempt to obtain counsel on his own. (DE # 12.) He was provided with ten copies of the court's screening order and told that he could renew his request for counsel after he had sent ten attorneys a copy of the screening order and a letter requesting that they represent him. (*Id.*) He was told that, after waiting a reasonable amount of time, he could file another request for counsel, and that any responses to his letters should be included. (*Id.*) In addition, Lohnes was told that, if he filed another motion for counsel, he needed to detail all of his education and litigation experience, and explain why he believes this case is difficult and why he is not competent to litigate it himself. (*Id.*) Lohnes' second request for counsel (DE # 58) was denied for the same reason – he did not demonstrate that he sent the screening order to ten attorneys. (DE # 61.) In his third motion for counsel (DE # 76),

Lohnes states that he has asked attorneys to represent him in this case, but he still has not demonstrated that he has followed this court's instructions by mailing ten copies of the screening order to ten attorneys and attaching a copy of their responses to his motion. Therefore, his motion will be denied.

Lohnes cannot pick and choose which aspects of this case will proceed. Either this case will remain stayed, as he requested, or the stay will be lifted. If Lohnes continues to file motions with the court (whether labeled as motions or letters) while the case is stayed, the stay may be lifted.

For these reasons, the motion for counsel (DE # 76) and request for injunctive relief contained in James Andrew Lohnes' letter (DE # 105) are **DENIED**. This case will remain **STAYED AND STATISTICALLY CLOSED**, but James Andrew Lohnes is **CAUTIONED** that the filing of additional motions may result in the stay being lifted.

**SO ORDERED.**

Date: March 24, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT